IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARJORIE SWIFT CADY,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED OF OMAHA<br>LIFE INSURANCE COMPANY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>) No.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Now comes the Plaintiff, MARJORIE SWIFT CADY, by her attorneys, WILLIAM T. REYNOLDS and DEBOFSKY SHERMAN CASCIARI REYNOLDS, P.C., and complaining against the Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY, she states:

### Count I

### *Nature of the Action*

1. This is a claim seeking recovery of disability benefits claimed to be due under the Policy, which provided insured long-term disability benefits under policy number GUD-BH99. This action is brought pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Plaintiff also seeks attorneys' fees pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g).

### *Jurisdiction and Venue*

2. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f).

Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, which, in this case, consists of a group long-term disability ("LTD") insurance policy underwritten and administered by United of Omaha Life Insurance Company ("United of Omaha") ("the Policy") for the benefit of employees of Yuma Regional Medical Center, which includes Plaintiff (a true and accurate copy of the Policy provided to Plaintiff and represented as the governing plan document is attached hereto as Exhibit "A"). Additionally, this action may be brought before this court pursuant to 28 U.S.C. 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Venue is proper in the District of Arizona. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

## The Parties

5. The plaintiff, Marjorie Swift Cady ("Cady" or "Plaintiff"), age 51 (born in 1970), is a resident of Yuma, Yuma County, Arizona.

6. The defendant, United of Omaha, was at all times relevant hereto doing business throughout the United States and within the District of Arizona, and it delivered coverage to Plaintiff in the State of Arizona.

## Statement of Facts

7. Immediately prior to ceasing work, Cady was successfully employed as a Behavioral Health Professional with Yuma County Medical Center.

8. As a benefit of her employment with Yuma County Medical Center, Cady received long-term disability coverage under the Policy. The Policy contains the following definition of disability:

> *Disability* and *Disabled* mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which:
>
> a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
>
> b) after the Elimination Period, You are:
>
> 1. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
>
> 2. unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.

9. In June 2018, Cady experienced the sudden and traumatic death of her husband.

10. Shortly after her husband's death, Cady was diagnosed with mental health impairments including post-traumatic stress disorder. Her mental health continued to deteriorate over the next several months.

11. On June 21, 2019, Cady was directed to cease working by her treating psychologist due to her worsening symptoms. She has not worked in any capacity since that date.

12. Upon exhaustion of the Policy's 90-day waiting period, Cady timely applied for LTD benefits under the Policy. United of Omaha initially approved that claim and awarded LTD benefits in the amount of $4,886.96 per month beginning September 22, 2019.

13. Cady continued to receive intensive mental health treatment over the next several months; however, her condition failed to substantially improve.

14. Despite the overwhelming medical evidence supporting her ongoing disability, on March 26, 2020, United of Omaha terminated Cady's claim for ongoing LTD benefits beyond March 31, 2020.

15. On September 14, 2020, Cady, with the assistance of counsel, submitted an appeal of United of Omaha's termination of benefits. Supporting evidence provided with her appeal included statements of ongoing restrictions and limitations made by Cady's treating physicians, sworn witness statements detailing Cady's ongoing daily impairments, and updated treatment records, all of which demonstrated her ongoing entitlement to LTD benefits.

16. Nonetheless, on November 23, 2020, United of Omaha upheld its termination of Cady's LTD benefit claim based on a non-examining physician's report.

17. United of Omaha's termination of Cady's LTD benefits was and remains against the weight of the medical evidence and the opinions of her treating doctors.

18. United of Omaha's decision to terminate LTD benefits was the product of biased claims handling and was the result of a conflict of interest rooted in

unfounded and unsupported file reviews performed by non-consulting physicians and vocational analysts employed by and/or routinely contracted by United of Omaha.

19.     Cady remains entitled to LTD benefits due since March 31, 2020 plus any interest that has accrued thereon; and she is also entitled to a declaration of rights that her benefits remain payable thereafter so long as she continues to meet the Policy's terms and conditions.

20.     All required avenues of administrative appeal to United of Omaha have now been exhausted, and this matter is therefore ripe for adjudication.

## *Relief Sought*

WHEREFORE, Plaintiff prays for the following relief:

A.      That the court enter judgment in Plaintiff's favor and against the Defendant and that the court order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled from March 31, 2020 to the present;

B.      That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

C.      That the Court order Defendant to continue paying Plaintiff LTD benefits in an amount equal to the contractual amount of benefits to which she is entitled through the Policy's Maximum Benefit Period, so long as she continues to meet the Policy's conditions for continuance of benefits;

D.      That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C.

§ 1132(g); and

      E.    That Plaintiff be awarded any and all other contractual and/or equitable relief to which she may be entitled, as well as the costs of suit.

Dated: July 21, 2021                      Respectfully Submitted,

*/s/ William Reynolds (seeking admission phv)*
*Attorney for Plaintiff*

William Reynolds (seeking admission phv)
DeBofsky Sherman Casciari Reynolds, P.C.
150 N. Wacker Dr., Suite 1925
Chicago, IL 60606
(312) 561-4040 (phone)
(312) 929-0309 (fax)